**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATALIE AMBERSLEY, | : |
|         Plaintiff, | :   CIVIL ACTION NO.: 3:17-cv-121 |
| v. | : |
| EVIE WRIGHT and NEW PRIME, INC., | : |
|         Defendants. | : |

**NOTICE OF REMOVAL OF ACTION**

Defendant, New Prime, Inc., by and through its attorneys, Salmon, Ricchezza, Singer & Turchi, LLP, respectfully avers as follows:

1. Plaintiff commenced a civil action against defendants in the Court of Common Pleas of Bedford County, Pennsylvania, on May 22, 2017 as a result of a December 7, 2016 motor vehicle accident. See Exhibit "A" – Plaintiff's Complaint.

2. Plaintiff filed a Praecipe to Reinstate Complaint in the Court of Common Pleas of Bedford County, Pennsylvania on June 20, 2017. See Exhibit "B" – Plaintiff's Praecipe to Reinstate Complaint.

3. The Complaint, being the original process in this case, was first served on defendant, New Prime, Inc., no earlier than June 23, 2017. See Exhibit "C" – Plaintiff's attorneys' June 23, 2017 letter to New Prime, Inc.

4. Upon information and belief, defendant, Evie Wright, has not been served with the Summons and Complaint to date.

5.      Accordingly, this Notice of Removal was filed within the time frame set forth in 28 U.S.C. §1446(d).

6.      According to the Complaint, plaintiff seeks damages for, *inter alia*, the following:

> 14.     As a direct and consequential result of the negligent conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of preexisting conditions and others ills and injuries, all to Plaintiff's great loss and detriment.
>
> 15.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.
>
> 16.     As an additional result of the carelessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.
>
> 17.     As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.
>
> 18.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs further loss and detriment.
>
> 19.     Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

See Exhibit "A" – Plaintiff's Complaint, ¶¶ 14-19. Plaintiff further demanded damages "in an amount in excess of Fifty Thousand ($50,000.00) Dollars...." See Exhibit "A."

7.      Based upon a fair reading of the Complaint, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

8.      At all times material hereto, upon information and belief, plaintiff was and is a citizen of either the State of Maryland. According to the caption of the Complaint, plaintiff resides at 801 Bewy Avenue, Unit 1, Hagerstown, Maryland 21742. See Exhibit "A" – Plaintiff's Complaint.

9.      At all times material hereto, New Prime, Inc., was and is a Nebraska corporation with its principal place of business located in Springfield, Missouri.

10.     Defendant, Evie Wright, is a citizen and resident of the State of Florida.

11.     Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiff and defendants since:

       a)      Plaintiff is a resident and citizen of the State of Maryland; and

       b)      Defendants are citizens of states other than Maryland.

12.     Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

13.     Undersigned counsel was retained to represent defendant, Evie Wright, and she consents to this removal.

WHEREFORE, defendant, New Prime, Inc., prays that the above action now pending against it in Court of Common Pleas of Bedford County, be removed therefrom to this Honorable Court.

        Respectfully submitted,

        SALMON, RICCHEZZA, SINGER & TURCHI, LLP

        By: _____
          Jon Michael Dumont
          Attorneys for Defendants
          1601 Market Street
          Suite 2600
          Philadelphia, PA 19103
          jdumont@srstlaw.com
          (T): (215) 606-6600
          (F): (215) 279-9732

Dated: July 10, 2017.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served via first-class mail, postage prepaid, on counsel for plaintiff addressed as follows:

>Marc I. Simon, Esquire
>Simon & Simon, P.C.
>1515 Market Street, Suite 1600
>Philadelphia, PA 19102

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

*Jon Michael Dumont*

Dated: July 10, 2017.