# EXHIBIT "A"

{00294716.DOC}

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY: Marc I. Simon, Esquire
    Joshua A. Rosen, Esquire
    Matthew J. Zamites, Esquire
    Andrew J. Van Wagner, Esquire
    Brian F. George, Esquire
    Andrew Baron, Esquire
    Raymond Tarnowski, Esquire
    Grady Lowman, Esquire
    Ashley Oakey, Esquire
    Jason Whalley, Esquire
    Joshua Baer, Esquire
    Michael K. Simon, Esquire

Bryan Arner, Esquire
Alisha A. Nichols, Esquire
Mary G. McCarthy, Esquire
Joseph L. Coleman, Esquire
William Rhoades, Esquire
Michael Schlagnhaufer, Esquire
Alexander C. Hyder, Esquire
James T. Stinsman, Esquire
Daria Koscielniak, Esquire
Harry Gosnear, Esquire
Jessalyn Gillum, Esquire

Attorney ID No.'s:
*201798*

*Attorneys for Plaintiff*

1515 Market Street, 16th Floor
Philadelphia, PA 19102
(215-400-2251)

| | |
|---|---|
| Natalie Ambersley<br>801 Bewy Avenue, Unit 1<br>Hagerstown, MD 21742<br>                        Plaintiff<br>                           v.<br>Evie Wright<br>1026 Norma Avenue<br>Haines City, FL 33844<br>                          And<br>New Prime, Inc.<br>2740 N Mayfair Avenue<br>Springfield, MO 65803<br>                        Defendants | IN THE COURT OF COMMON PLEAS<br>BEDFORD COUNTY, PA<br><br>May Term 2017<br><br>No.: *490-2017*<br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

> Prothonotary Office Bedford County Office Building
> 200 South Juliana Street
> Bedford, PA 15522
> (814) 623-4833

## COMPLAINT

1. Plaintiff, Natalie Ambersley, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Evie Wright, is a resident of the State of Maryland, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, New Prime, Inc., is a business entity registered to do business in the State of Missouri, residing at the address listed in the caption of this Complaint.

4. Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5. On or about December 7, 2016, at or about 1:00 p.m., Plaintiff was the operator of a motor vehicle, traveling on PA Turnpike, in Bedford, PA.

6. At or about the same date and time, Defendant, Evie Wright, was the operator of a motor vehicle, owned by Defendant, New Prime, Inc., which was traveling at or near the aforesaid intersection and/or location of the Plaintiff's vehicle.

7. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

8. At all times relevant hereto, upon information and belief, Defendant, Evie Wright, was operating the aforementioned Defendant, New Prime, Inc.'s vehicle as Defendant's servant and/or employee acting in the scope of his/her agency.

9. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

10. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

11. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries as set forth more fully below.

## COUNT I
### Natalie Ambersley v. Evie Wright
### Personal Injury—Negligence

12. Plaintiff incorporates by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

13. The negligence of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

   a. Rear-ending Plaintiff's vehicle;
   b. Operating his/her vehicle into Plaintiff's lane of travel;
   c. Failing to maintain proper distance between vehicles;
   d. Operating said vehicle in a negligent manner without regard for the rights or safety of Plaintiff or others;
   e. Failing to have said vehicle under proper and adequate control;
   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;
   g. Violation of the assured clear distance rule;
   h. Failure to keep a proper lookout;
   i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff or Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Driving too fast for conditions;

u. Violating the Pennsylvania Vehicle Code; and

v. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

14. As a direct and consequential result of the negligent conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries, all to Plaintiff's great loss and detriment.

15. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16. As an additional result of the carelessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

17. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

18. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT II
### Natalie Ambersley v. New Prime, Inc.
### Negligent Entrustment

20. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

21. The negligence and/or carelessness of Defendant, New Prime, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant, Evie Wright, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting Evie Wright to operate the motor vehicle when Defendant, New Prime, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Evie Wright, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, New Prime, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Evie Wright's negligent operation of the motor vehicle.

22. As a direct result of the negligent conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function,

permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

26. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT III
### Natalie Ambersley v. New Prime, Inc.
### Respondeat Superior

28. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

29. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

   j. Being inattentive to his duties as an operator of a motor vehicle;

   k. Disregarding traffic lanes, patterns, and other devices;

   l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Driving too fast for conditions;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles;

30. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

31. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

33. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

34. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
Marc I. Simon, Esquire
Simon & Simon, P.C.
1515 Market Street
Suite 1600
Philadelphia, PA 19102
215-467-4666

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I, Natalie ambersley, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*Natalie ambersley*
Natalie ambersley (Dec 15, 2016)